UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.                                         ) | Case No. CR-19-225-G-2 |
| ) | |
| SETH SALVATORE SKILES,      ) | |
| a/k/a Seth Duncan,                  ) | |
| a/k/a Wessos,                         ) | |
| ) | |
| Defendant.          ) | |

# ORDER

On November 1, 2019, Defendant Seth Salvatore Skiles pleaded guilty to one count of drug conspiracy and one count of unlawful possession of a firearm.  On April 14, 2020, the Court sentenced Defendant to 188 months' imprisonment on the drug count and 120 months' imprisonment on the firearm count, to be served concurrently.  *See* J. (Doc. No. 81) at 1-2.

Now before the Court is Defendant's pro se Motion to Correct/Modify (Doc. No. 108), as well as the Government's Response (Doc. No. 110).  In his Motion, Defendant asks that the Court "direct[] the U.S. Probation department to modify and/or correct the Pre-Sentence Report (PSR)" pursuant to Rule 36 of the Federal Rules of Criminal Procedure.  Def.'s Mot. at 1; *see* Final PSR of Mar. 20, 2020 (Doc. No. 68).  Defendant requests that the PSR be amended "to remove references to offense conduct and/or police reports" to "preclude the [Bureau of Prisons or 'BOP'] from attributing the conduct of others . . . to [D]efendant" and thereby mischaracterizing Defendant's criminal history.

Def.'s Mot. at 1 (alleging that the BOP is relying upon the PSR to characterize a former misdemeanor conviction as "violent offense conduct" "for purposes of First Step Act of 2018 (FSA) time credits and recidivism risk calculation").

The Government opposes Defendant's request, asserting that such relief lies outside the scope of Rule 36. *See* Gov't's Resp. at 1-5. The Court agrees.

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Defendant does not point to any "error" in the Judgment; rather, he disagrees with the BOP's computation of his sentence based upon the BOP's alleged consideration of information that was included within the PSR. Such disagreement is not properly brought to the Court via Rule 36, which "is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk . . . might commit, mechanical in nature." *United States v. Kieffer*, 596 F. App'x 653, 660 (10th Cir. 2014) (internal quotation marks omitted). Further, even assuming the PSR presents incorrect information, this Court has rejected the proposition that Rule 36 is an appropriate mechanism by which to work substantive changes to a presentence report. *See United States v. Turner*, No. CR-11-310-1-HE, 2018 WL 11261820, at *1-2 (W.D. Okla. July 26, 2018) (citing *United States v. Pryor*, 631 F. App'x 844 (11th Cir. 2015)); *see also United States v. Meindl*, 269 F. App'x 849, 851 (10th Cir. 2008). Any objections to the PSR were required to have been raised by the time of sentencing. *See* Fed. R. Crim. P. 32(i); *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994).

## CONCLUSION

For all these reasons, Defendant's Motion to Correct/Modify (Doc. No. 108) is DENIED.

IT IS SO ORDERED this 30th day of June, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

3